# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RANDY SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-145 |
| | ) | |
| JOAQUIN CORTEZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 3:24 pm, Dec 27, 2018

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is Randy Simmons' civil rights complaint, raising claims of false imprisonment, defamation of character, and deliberate endangerment. Doc. 1 at 6. He seeks $25 million in damages. *Id.* at 6. He sought leave to proceed *in forma pauperis* ("IFP"), doc. 2, which was granted, doc. 12, and returned the proper forms. The Court will now screen his case under 28 U.S.C. § 1915e(2)(B), which allows a district court to dismiss *sua sponte* a claim of a plaintiff proceeding IFP for, among other things, failure to state a claim for relief. Because the statute of limitations has run on his claims, Simmons' complaint should be **DISMISSED** and his Motion for Preliminary Injunction, doc 15, and Motion for Each Individual (Under State "Color of Law") Non-Exemption, doc. 6 should be **DENIED**. The Court **DENIES** his Motion

to Appoint Counsel, doc. 5[1], and Plaintiff's Motion to Amend, doc. 11.

Plaintiff claims that he suffered from an unlawful arrest warrant, prosecutorial misconduct, failure to disclose relevant material, and false allegations surrounding his *2003* conviction for murder and armed robbery.  Doc. 1 at 1-6.  Claims arising out of these events, however, are untimely by many years.  The statute-of-limitations clock starts to tick for false arrest and false imprisonment claims, "where the arrest is followed by criminal proceedings, . . . when the claimant is detained pursuant to legal process."  *Wallace v. Kato*, 549 U.S. 384, 389 (2007).  "[T]he proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."  *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).  Simmons

---

[1] As an initial matter, there is no entitlement to appointed counsel in a civil action brought pursuant to 42 U.S.C. § 1983. *Fowler v.* Jones, 899 F.2d 1088, 1096 (11th Cir. 1990).  Court-appointed counsel in civil cases is warranted only in "exceptional cases."  *Steele v. Shah*, 87 F.3d1266, 1271 (11th Cir. 1996).  The most important consideration "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court."  *Kilgo v. Ricks*, 983 F/2d 189, 193 (11th Cir. 1993).  Here there is no difficulty explaining the facts of the case.  While the Court understands that Simmons is incarcerated, "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated."  *Hampton v. Peeples*, 2005 WL 4112435 at *2 (S.D. Ga. July 7, 2015).  "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances."  *Id.* (collecting cases). Because this case is not so legally or factually complex to prevent Simmons from presenting the merits of his position, his motion to appoint counsel is **DENIED.**

2

was convicted in 2003.   Any false imprisonment claim stemming from that conviction needed to be filed more than a decade ago.  *E.g., Mullinax v. McElhenney*, 817 F.2d 711, 71516 n.2 (11th Cir. 1987); *Walker v. United States*, 196 F. App'x 774, 776 (11th Cir. 2006) (same).  As to his remaining claims arising from alleged prosecutorial misconduct, Plaintiff provides no facts not tied to his 2003 conviction.  In this circuit, a § 1983 claim accrues when the "'facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'"  *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).  Meaning, the clock began running when he discovered the facts underlying these claims as well: in 2003.  As a result, he's years too late on his other claims as well.  Dismissal is thus warranted.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the

3

amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's civil rights complaint is untimely, and it does not appear amendable.[2] Plaintiff's motion to amend is therefore **DENIED**.

Meanwhile, it is time for Plaintiff to pay his filing fee. His PLRA paperwork reflects $0 in average monthly deposits and balances. Doc. 8. He therefore owes a $0 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific

---

[2]   Despite the lack of any apparent basis for viable amendment, Simmons' opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

Plaintiff is notified, however, that he cannot sue these defendants for damages under § 1983. Cortez and Hendrix are prosecutors, entitled to absolute immunity from damages for their acts or omissions taken in the course of initiating a prosecution. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution *even if* he did so with malicious intent); *see also Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Likewise, Judge Cavender is entitled to absolute immunity from "liability for damages for acts committed within his judicial jurisdiction." *Williams v. Brooks Trucking Co, Inc. of Memphis*, ___ F. App'x ___, 2018 WL5920404 (11th Cir. Nov. 13, 2018) (citations omitted). As to "Clerk Waters," Plaintiff makes no allegations as to this clerk's activities and so any claims against him should be dismissed. Moreover, absolute immunity extends to court clerks for "acts they are specifically required to do under court order or at a judge's direction." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (*quoting Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981).

20 percent formula). Plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Simmons' account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian. The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this R&R.

In sum, Plaintiff's Complaint should be **DISMISSED** and his Motion for Preliminary Injunction, doc. 15; and Motion for Each Individual (Under State "Color of Law") Non-Exemption, doc. 6 should be **DENIED**. The Court **DENIES** his Motion to Appoint Counsel, doc. 5, and Plaintiff's Motion to Amend/Correct, doc. 11. This Report and

Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 27th day of December, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA