**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

RANDY SIMMONS,

    Plaintiff,

v.

JOAQUIN CORTEZ; JUDGE RUSSELLCAVENDER; PROSECUTOR HENDRIX; and CLERK WATERS,

    Defendants.

CIVIL ACTION NO.: 4:18-cv-145

**O R D E R**

Presently before the Court is *pro se* Plaintiff Randy Simmons' Motion for Reconsideration. (Doc. 27.) In his Motion, Plaintiff requests that the Court reconsider and vacate its January 15, 2019 Order adopting the Magistrate Judge's Report and Recommendation and dismissing this case.

On May 25, 2018, Plaintiff filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. (Doc. 1.) He claimed that the suffered from an unlawful arrest warrant, prosecutorial misconduct, failure to disclose relevant material, and false allegations surrounding his 2003 conviction for murder and armed robbery. (Id. at pp. 1–6.) On December 27, 2018, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint for failure to comply with the statute of limitations. (Doc. 19.) The Magistrate Judge explained that Plaintiff had fourteen days from the date of service of the Report and Recommendation to file any objections. (Id. at p. 6.) The Clerk of Court mailed the Report and Recommendation to Plaintiff on December 28, 2018. Having not received any Objections from Plaintiff, on January 15, 2019, the Court issued an Order adopting the Report and Recommendation and dismissing Plaintiff's case. (Doc. 20.) Seven days

after that Order, the Court received Objections from Plaintiff. (Doc. 21.) Additionally, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit on January 31, 2019. (Doc. 23.) While that appeal was pending, Plaintiff filed the instant Motion for Reconsideration.[1] (Doc. 27.) On May 29, 2019, the Eleventh Circuit dismissed Plaintiff's appeal as frivolous. (Doc. 29.)

Because it was filed post-judgment, Plaintiff's Motion for Reconsideration falls within the purview of either Federal Rule of Civil Procedure 59(e) or 60(b). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). Under Rule 59(e), "'the only grounds for granting a [plaintiff's] motion are newly-discovered evidence or manifest errors of law or fact.'" Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). Rule 60(b), on the other hand, enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding—none of which apply here.[2] The rule also contains a "catchall" provision which authorizes relief based on "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and a party seeking relief must show that, absent such

---

[1] The Court need not and therefore does not delve into whether Plaintiff's Notice of Appeal divested this Court of authority to grant Plaintiff's Motion for Reconsideration. See United States v. Ortiz-Lopez, No. 8:11-CR-48-T-33AAS, 2017 WL 1065528, at *2 (M.D. Fla. Mar. 21, 2017) (explaining that filing of notice of appeal ordinarily divests district court of jurisdiction over matters concerned in the appeal but noting that Eleventh Circuit has not spoken directly as to whether filing of motion for reconsideration reinvests district court with jurisdiction) (citing United States v. Rogers, 788 F.2d 1472, 1475 (11th Cir. 1986); United States v. Vicaria, 963 F.2d 1412, 1415 n.2 (11th Cir. 1992)).

[2] The specific circumstances listed in Rule 60(b) are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(1–5).

relief, extreme and unexpected hardship will result. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).

While Plaintiff has not indicated which rule he believes supports his motion, the distinction is immaterial in this case. Plaintiff has not shown—and does not argue—that new evidence, manifest error, or exceptional circumstances entitle him to relief, and he does not claim he will suffer "extreme hardship" should his request be denied. See, e.g., id. It appears Plaintiff complains that he was not afforded an adequate opportunity to object to the Report and Recommendation. (Doc. 27.) However, the record belies this contention. Parties normally have fourteen (14) days from the date of service of a Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Here, service occurred on the date the Clerk mailed the Report and Recommendation to Plaintiff, December 28, 2018. See Fed. R. Civ. P. 5(b)(2)(C). Under Federal Rule of Civil Procedure 6(d), Defendant's fourteen-day deadline was extended by three (3) days from January 11, 2019 to January 14, 2019 because the Report and Recommendation was served by mail. Plaintiff executed his Objections on January 16, 2019 (doc. 21, p. 7), and he did not provide them to prison officials to mail until January 17, 2019, (doc. 27, p. 3). Thus, even extending Plaintiff the benefit of the prison mailbox rule,[3] he failed to meet the January 14, 2019 deadline for filing objections.

Moreover, having reviewed the substance of Plaintiff's Objections, even if they were timely, they are unavailing. Plaintiff does not plausibly provide any credible basis for disturbing the Court's prior ruling and dismissal of his Complaint. Indeed, the Eleventh Circuit found his

---

[3] The prison mailbox rule considers court pleadings filed by a prisoner, including appeals and complaints, to be filed as of the date the pleading is delivered to "prison authorities for forwarding" to the court. Houston v. Lack, 487 U.S. 266, 270 (1988).

3

appeal of that dismissal to be frivolous.  Plaintiff may be unhappy with the Court's decision to dismiss his Complaint, but mere discontent is not a reason to disturb the Court's judgment.

In light of the foregoing, Plaintiff has failed to demonstrate that any grounds for reconsideration exist, and the Court discerns no reason to reopen this case.  Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.  The Court's January 15, 2019 Order remains the Order of the Court, and this case remains **CLOSED.**

**SO ORDERED**, this 27th day of September, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA